J-A02031-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| D.A.H AND B.A.H., | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | |
| v. | |
| D.J.H. AND D.D.H., | |
| Appellees | No. 1332 WDA 2017 |

Appeal from the Order Entered August 17, 2017
In the Court of Common Pleas of Allegheny County,
Civil Division, at No(s): FD 16-007859-017.

BEFORE:  BOWES, J., OLSON, J., and KUNSELMAN, J.

MEMORANDUM BY KUNSELMAN, J.:               **FILED APRIL 03, 2018**

Paternal Grandparents, D.A.H. and B.A.H., appeal from the order of court granting Father, D.J.H., primary physical and sole legal custody of Father's child, S.J.H. After careful consideration, we conclude that the trial court erred when it did not revisit the issue of standing, and when it did not complete a full custody analysis under 23 Pa.C.S.A. §5328(c). Accordingly, we are constrained to vacate the custody order and remand for further proceedings.

The pertinent factual background and procedural history of the case is as follows.  D.J.H. is the father of S.J.H. The child's biological mother – D.D.H. the ex-spouse of Father – has never been involved in this case.  On April 15, 2016, Grandparents filed an initial complaint for custody, wherein they sought

primary physical and legal custody of the child. A rule to show cause was issued on the basis that the Grandparents had not sufficiently pled facts to establish standing under 23 Pa.C.S.A. §5324 ("Standing for any form of physical custody or legal custody.") On May 16, 2016, Grandparents filed an amended complaint for custody seeking primary and legal custody under §5324, or, in the alternative, partial physical custody under §5325 ("Standing for partial physical custody and supervised physical custody"). On July 15, 2016, the trial court held a hearing to determine standing. The trial court determined that while Grandparents lacked standing to seek primary physical or legal custody of the child under §5324, they still had standing for partial physical custody under §5325.[1]

The trial court then referred the matter to the hearing officer, who is authorized to make custody awards only in partial custody cases. But upon allegations of abuse in Father's home, instead of the hearing officer awarding the Grandparents partial custody the trial court itself issued an interim custody order in September 2016 that granted Grandparents primary physical custody.

---

[1] The trial court did not specify which of the statute's three provisions applied. We can infer from the trial court's findings, however, that the facts do not warrant standing under either §5325(1) or §5325(3), which left only §5325(2). Although the first clause of §5325(2) was struck down by our Supreme Court, in the months following the trial court's July 2016 hearing on standing, it appears that the Grandparents qualified for standing under the second clause of §5325(2) as the parents of the child are divorced. **See D.P. v. G.J.P.**, 146 A.3d 204 (Pa. 2016). The constitutionality of §5325(2)'s second clause has not been challenged.

In December 2016, the trial court issued another interim custody order, which granted Father partial custody on the weekends. The trial court referred the case to the partial custody hearing officer for a second time. In doing so, it appears the trial court effectively equipped the hearing officer with only enough authority to grant *Father* some form of partial custody. The consequence of the trial court's referral to the hearing officer was that the Grandparents would retain primary custody, despite the trial court's earlier determination that the Grandparents did not have standing for primary custody.

In February 2017, the hearing officer issued an interim custody order essentially mirroring the trial court's December 2016 interim order. The hearing officer recommended further that the child be appointed a guardian *ad litem* ("GAL"), and the hearing officer set the matter for a June 5, 2017 review. But, in March 2017, when Father filed a motion for special relief, the trial court: canceled the June review; stayed the order for the GAL; set the case for an expedited conciliation before the trial court; and directed Father to file a formal complaint for primary custody. Father filed the complaint for primary custody on March 24, 2017.

Following a conciliation in April, the trial court set the matter for a hearing on July 21 and 24, 2017. Before the trial, the trial court – again precipitated by motion – issued an interim order clarifying that the interim order of December 2016 governed until the trial, and clarified that Father shall

enjoy sole legal custody as well as two straight weeks of physical custody in June. This clarification was perhaps necessary as the trial court, on February 23, 2017, issued an interim order setting physical custody at 50/50. This trial court order was issued mere days after the hearing officer's February 17, 2017 order, which kept the Grandparents as the primary physical custodians.

At the July trial – technically held to adjudicate *Father's* complaint for custody – the Grandparents sought to present evidence that they had standing to remain the child's primary physical custodians. They had been the child's interim primary custodians for nearly a year. Father presented an oral motion *in limine* to preclude such evidence, which the court granted. Specifically, the court declined outright to revisit its previous determination, entered 12 months prior, that the Grandparents did not stand *in loco parentis*, per 23 Pa.C.S.A. §5324(2). The trial court additionally precluded the Grandparents from presenting evidence of abuse, whereby they might have demonstrated that they still had standing for primary custody under 23 Pa.C.S.A. §5324(3)(iii)(B). The trial court proceeded to conduct a custody inquiry based on only §5328(a). In its resulting August 17, 2017 custody order, from which Grandparents have taken this appeal, the trial court reverted primary custody back to Father at all times, except one day on the last weekend of every month.

Grandparents raise the following claims:

1. Whether the trial court committed an error of law by precluding evidence on the issue of the Grandparents' standing for primary physical custody?

- 4 -

2. Whether the trial court committed an abuse of discretion by finding that there were no credible allegations of abuse when such a finding is against the weight of the evidence produced at trial?

3. Whether the trial court committed an abuse of discretion in finding that one overnight per month with Grandparents, and no vacation or holiday schedule for Grandparents was sufficient to maintain the positive and close relationship the child has with Grandparents after determining that neither party would encourage contact?

"Generally, an appellate court's standard of review of a trial court's evidentiary ruling is whether the trial court abused its discretion; however, where the evidentiary ruling turns on a question of law, review is plenary." *Buckman v. Verazin,* 54 A.3d 956 (Pa. Super. 2016). "A trial court's decision to grant a motion *in limine* is subject to an evidentiary abuse of discretion standard of review." *In re Fiedler*, 132 A.3d 1010, (Pa. Super. 2016).

In their first matter, Grandparents argue that the trial court erred when it granted Father's oral motion *in limine* and refused to revisit the issue of standing. They cite *Kellogg v. Kellogg*, 646 A.2d 1246 (Pa. Super. 1994), to support the proposition that the trial court may make a standing determination *at any time.* This argument is not entirely accurate.

We decided *Kellogg* before the promulgation of a 2014 amendment to Rule of Procedure 1915.5, which explicitly requires a standing objection be made within 20 days. *See C.G. v. J.H.*, 172 A.3d 43, 56 n.10 (Pa.Super. 2017)(discussing *Kellogg*). In our most recent discussion of *Kellogg*, we stated, "While standing in custody cases may be fluid under some circumstances, it certainly cannot be asserted at any time." *Id.* (*quoting M.G.*

***v. L.D.***, 155 A.3d 1083, 1087 n.5 (Pa. Super. 2017), *appeal denied*, 169 A.3d 522 (Pa. 2017). "[W]hile we have re-evaluated a party's standing following a *factual* change in circumstances, *i.e.,* the termination of parental rights or adoption, our review of Pennsylvania jurisprudence does not support the *ad hoc* re-evaluation of standing…." ***M.G.*** 155 A.3d, at 1087 n.5. (Pa.Super. 2017)(emphasis original). In limiting ***Kellogg***, we have reaffirmed there still could be narrow circumstances when standing needs to be re-evaluated by the trial court at a later date in the litigation.

The circumstances in the instant matter reflect the very fluidity and factual change in circumstances we anticipated when we sought to safeguard the trial court's flexibility in third-party custody matters. Here, the trial court conducted a proper standing determination in July 2016. But between then and the final custody award, from which the appeal was taken, the change in circumstances compelled the trial court to issue no less than four interim custody orders. Primary custodians were swapped entirely.

In March 2017, this case's complicated nature finally caused the trial court to revoke jurisdiction from the hearing office so the trial judge could hear the matter herself. Presumably, the learned trial court recognized its need to have available the full spectrum of possible legal remedies. The very fact that the trial court directed Father to file his own complaint for custody demonstrated the need for the court to revisit standing. While the trial court had yet to make final factual findings, its directive to Father carried with it the

implicit acknowledgement that the facts and circumstances might have drastically changed since the initial standing determination.

We need look no further than the procedural disposition of this matter. No final determination of the Grandparents' amended complaint for custody, filed in April 2016, was ever made; Father became the moving party by virtue of his March 2017 petition. After the initial standing hearing, when the court found Grandparents lacked standing for full custody, the trial court granted the Grandparents interim primary custody based on allegations that the child was substantially at risk of abuse when in the Father's home. The custody trial was held on Father's complaint to determine whether primary physical custody of the child should revert *back* to him. Grandparents should have been afforded the opportunity to present evidence why primary physical custody should *remain* with them. That is, they should have been afforded the ability to present evidence that there actually was a substantial risk of abuse at Father's home.

When the trial court directed Father to file a complaint for custody, it would have been unrealistic for the Grandparents to raise a standing objection, per Pa.R.C.P. 1915.5. Parents always have standing for primary custody. *See* **23 Pa.C.S.A. §5324(1).** This hypothetical standing objection would have improperly delayed the final custody trial, which finally came to fruition 15 months after the Grandparents' amended complaint for custody.

No doubt the convoluted path of this case – complete with several interim custody orders and a full restart on litigation – was less than ideal for the trial court. Various motions, abuse allegations, and bureaucratic delays all conspired to make this case procedurally atypical. Such can be the nature of contentious family court litigation, which is why precedent affords the trial court the aforementioned discretion or when to address standing issues.

Here, we believe the trial court abused its discretion when it granted Father's motion *in limine,* thereby barring itself from re-evaluating the changed facts and circumstances from the time of its initial standing determination to the ultimate custody determination.

Because we conclude the trial court erred when it did not revisit standing, we decline to address Grandparents' remaining appellate issues. We note for the trial court's future reference, however, that it also erred in not considering both the custody factors captured in 23 Pa.C.S.A. §5238(a) *and* those grandparent-specific factors listed in §5328(c). *See* ***M.G. v. L.D.,*** 155 A.3d 1083, 1100 (Pa. Super. 2017)(*citing* ***K.T. v. L.S.,*** 118 A.3d. 1136, 1159 (Pa. Super. 2015);(*see also* ***L.A.L. v. V.D.***, 72 A.3d 690,695 (Pa. Super. 2013). The failure to consider both would have constrained this Court to vacate the trial court's order and remand the matter for the preparation of a new order and memorandum. The failure to re-evaluate standing, however, necessitates a new hearing on the matter.

Finally, in remanding the case for further proceedings, we recognize that proceedings in the custody court might not be appropriate for this family at this time. This Court learned at the oral argument on January 24, 2018, that this case is scheduled for dependency proceedings. We defer to the trial court to determine whether the custody action is moot in light of proceedings in dependency court.[2]

Order vacated. Case remanded for proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  4/3/2018

---

[2] Considering the hostility between Father and Paternal Grandparents, and the bitterness that the parties continue to display during this highly contentious child custody litigation, we recommend that the trial court appoint separate counsel for S.J.H. pursuant to 23 Pa.C.S.A. § 5335 and/or a guardian ad litem pursuant to 23 Pa.C.S.A. § 5334. The appointment of independent representation is especially appropriate in light of the multiple allegations of child abuse that Paternal Grandparents have leveled against Father throughout these proceedings.